IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RANDY A. WATTERSON,           )
                              )
        Plaintiff,            )
                              )
    v.                        )       1:25CV194
                              )
PETER BULCHOLTZ, et al.,      )
                              )
        Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.      The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

The Court also notes that, although this is not the basis for the dismissal, Plaintiff's claims are insufficient or unclear in several respects. For instance, at times it appears he may be attempting to raise claims based on harms to other inmates or to society generally. He

cannot do this, but must instead base his claims only on allegations of harm to him. Harm to others is not relevant to his lawsuit. It also appears that he alleges a right under the First Amendment of the United States Constitution to aid other inmates with legal work. However, inmates do not have a special First Amendment right to aid other inmates with legal work. Shaw v. Murphy, 532 U.S. 223, 231-32 (2001). Next, it is not entirely clear, but it appears that some of Plaintiff's claims may call prison disciplinary convictions into question. If so, and if the convictions resulted in the loss of good time credits that could affect the length of Plaintiff's custody, Plaintiff may not raise claims necessarily undermining the disciplinary convictions without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994) (establishing this rule for criminal convictions); Moskos v. Hardee, 24 F. 4th 289, 295-96 (4th Cir. 2022) (extending the rule in Heck to prison disciplinary convictions at least where the loss of good time is involved). If Plaintiff seeks to raise claims challenging his prison disciplinary convictions, he must do so in a separate habeas proceeding under 28 U.S.C. § 2254, not in an action under § 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (discussing good time credits in the context of prison disciplinary proceedings).

Additionally, some of Plaintiff's claims arise from time he spent incarcerated at Eastern Correctional Institution in Maury, North Carolina. Eastern Correctional is located in the Eastern District of North Carolina, not the Middle District, and Plaintiff's claims

-2-

Case 1:25-cv-00194-WO-LPA    Document 2    Filed 03/25/25    Page 2 of 4

related to events there do not appear connected to events alleged to have occurred in the Middle District. Plaintiff likely needs to file those claims in a separate lawsuit in the Eastern District rather than attempt to file them as part of claims based on separate events that occurred in the Middle District. He should also be aware that some of those claims may fall outside the three-year statute of limitations that applies to actions under § 1983. Plaintiff also appears to base at least some of his claims on the fact that Defendants are supervisors with general responsibilities for prison procedures or inmate safety. However, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Finally, Plaintiff raises claims that some Defendants did not properly process his prison grievances. However, there is no substantive due process right to a grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). In refiling his Complaint as directed above, Plaintiff should include only proper claims for relief against proper Defendants and he should make the bases for those claims clear.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint or complaints, on the proper § 1983 forms and in the correct districts, which correct the defects cited above.

This, the 25th day of March, 2025.

                                          /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                              **United States Magistrate Judge**